IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MALIK N. MARTIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:24-CV-94 (CAR) |
| | : | |
| MIDDLE GEORGIA STATE | : | |
| UNIVERSITY, TAMATHA LAMBERT, | : | |
| DEBORAH STANFIELD, BRANDI | : | |
| MCDONOUGH, TRIPP MITCHELL, | : | |
| MARISSA PARKER, TOYA | : | |
| COLEMAN, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON RECAST COMPLAINT

Currently before the Court is *pro se* Plaintiff Malik Nganga Martin's Recast Complaint [Doc. 4]. Having reviewed the Recast Complaint pursuant to 28 U.S.C. § 1915(e), the Court finds that Plaintiff's claims for procedural due process violations and First Amendment retaliation arising from the Trespass Order may proceed, but his recast claims relating to the thin blue line flag fail to state a claim and must be dismissed. Plaintiff did not recast the following claims he included in his original Complaint: his claims for public accommodations violations under Title II of the Civil Rights Act, 42 U.S.C. § 2000a-2; his § 1983 claim that Defendant Coleman conspired to deprive him of his civil rights and liberties; his state law claims that Defendants interfered with, and

1

conspired to interfere with, his use of a right of way; and his § 1983 claim against MGSU for respondeat superior; thus, Plaintiff has abandoned these claims, and they are all **DISMISSED without prejudice**.[1]

Plaintiff's recast allegations related to the thin blue line flag are insufficient to state any claim upon which relief may be granted. Plaintiff refers to 4 U.S.C. §§ 1, 2, 4, but the United States Flag Code "was not intended to proscribe conduct," and there are "no penalty provisions for noncompliance with the display provisions."[2] Thus, any claim based on "violations" of the Flag Code fails to state a claim. The same reasoning applies to any claim the thin blue line flag violates Plaintiff's rights because the Flag Code forbids him from pledging allegiance to it.

Finally, Plaintiff fails to state any claim that the thin blue line flag's display deprives him of his right to freedom of religion, speech, and assembly.[3] The First Amendment prohibits the government from "enacting any law 'prohibiting the free exercise' of religion."[4] Thus, to establish a violation of Plaintiff's right to free exercise, he "must first establish that a state actor imposed a 'substantial burden' on his practice of

---

[1] The Court informed Plaintiff in its previous Order that any claims he did not recast would not proceed forward. Doc. 3 at 20. Plaintiff's § 1983 respondeat superior claim is his only remaining claim against Defendant MGSU; thus, because that claim is dismissed, Defendant MGSU is **DISMISSED.**

[2] *Dimmitt v. City of Clearwater*, 985 F.2d 1565, 1573 (11th Cir. 1993); *see Murphree v. Tides At Sweetwater*, No. 3:13-cv-713-J-34MCR, 2014 WL 1293863, at *12 (M.D. Fla. Mar. 31, 2014).

[3] Plaintiff makes no allegations from which the Court could construe claims for violations to his rights to speech and assembly, so the Court does not address them, and any such claims are **DISMISSED without prejudice**.

[4] *Dorman v. Aronofsky*, 36 F.4th 1306, 1312 (11th Cir. 2022) (quoting U.S. Const. amend. I).

religion."[5] But the First Amendment is not violated by an otherwise neutral and generally applicable law "that incidentally burdens religious conduct and exercise."[6] To demonstrate conduct is substantially burdened, Plaintiff must allege facts showing "he was coerced to perform conduct that his religion forbids or prevented from performing conduct that his religion requires."[7] Plaintiff does not allege that pledging allegiance to the flag is part of his sincerely held religious beliefs.[8] Even if Plaintiff's allegations could be construed to sufficiently allege that it is a sincerely held religious belief, Plaintiff fails to plausibly allege that the MGSU Police Department's display of the thin blue line flag prevents him from exercising his religion or coerces him to conform to forbidden conduct. Plaintiff is not required to pledge allegiance to the thin blue line flag, nor is he prevented from pledging allegiance to the United States flag merely because the thin blue line flag is displayed in certain places on MGSU campus. Thus, Plaintiff's claims related to the thin blue line flag are **DISMISSED**.

As discussed in the Court's previous Order, Plaintiff has plausibly stated claims for (1) a § 1983 procedural due process violation based on Defendants' alleged denial of

---

[5] *Wilkinson v. GEO Grp., Inc.*, 617 F. App'x 915, 918 (11th Cir. 2015) (citing *Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater*, 2 F.3d 1514, 1549 (11th Cir. 1993)).

[6] *Dorman*, 36 F.4th at 1312 (citing *Emp. Div. v. Smith*, 494 U.S. 872, 878 (1990)).

[7] *Wilkinson*, 617 F. App'x at 918 (citation omitted).

[8] *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007) ("To plead a valid free exercise claim, [Plaintiff] must allege that the government has impermissibly burdened one of his 'sincerely held religious beliefs.'") (citation omitted).

his right to access a public library and be on public land; and (2) a § 1983 claim for First Amendment retaliation because he is indefinitely barred from MGSU campus.

Having reviewed Plaintiff's Recast Complaint, the Court hereby **ORDERS** the United States Marshal to serve a copy of the Recast Complaint and this Order on Defendants at this time.

**SO ORDERED**, this 3rd day of July, 2024.

<u>s/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT