# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MALIK N. MARTIN,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO.** |
| v. : | **5:24-CV-94 (CAR)** |
| : | |
| **MIDDLE GEORGIA STATE** : | |
| **UNIVERSITY,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS COMPLAINT AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Malik N. Martin, proceeding *pro se*, filed a civil rights action against Defendants Tamatha Lambert, Deborah Stanfield, Brandi McDonough, Tripp Mitchell, Marissa Parker, and Toya Coleman, asserting they violated various constitutional rights by barring Plaintiff from the campus of Middle Georgia State University. Before the Court are Defendants' Pre-Answer Motion to Dismiss Plaintiff's Complaint and Plaintiff's Motion for Preliminary Injunction. Having considered the Motions, the pleadings, and the applicable law, Defendants' Motion to Dismiss [Doc. 18] is **GRANTED**, and Plaintiff's Motion for Preliminary Injunction [Doc. 25] is **DENIED as moot**.

### BACKGROUND

On March 15, 2024, Plaintiff filed his Complaint and moved to proceed *in forma*

*pauperis* ("IFP"). On May 13, 2024, the Court allowed Plaintiff to proceed IFP but ordered him to file a recast Complaint after screening his Complaint pursuant to 28 U.S.C. § 1915(e). Specifically, the Court found that Plaintiff's claims for a procedural due process violation and First Amendment retaliation could proceed, but that he had to recast his remaining claims if he wanted them to proceed. On June 7, 2024, Plaintiff filed his Recast Complaint. The Court screened this Recast Complaint, and on July 3, 2024, the Court allowed his procedural due process and First Amendment retaliation claims to proceed, dismissed his remaining claims, and ordered service of the Recast Complaint on Defendants. On October 10, 2024, Defendants filed their Pre-Answer Motion to Dismiss Complaint. On December 20, 2024, Plaintiff filed his Motion for Preliminary Injunction.

Plaintiff contends he was permanently barred from the Middle Georgia State University's ("MGSU") campus by Police Chief Tripp Mitchell.[1] Plaintiff alleges that sometime in November of 2021, he sought to use the computers at MGSU's library, as he had done many times before, but was denied access and directed to contact Defendants Tamatha Lambert or Deborah Stanfield.[2] Lambert was the Library Director and Stanfield was the Assistant Library Director.[3]

---

[1] First Amended Complaint [Doc. 4 ¶¶ 1, 28].
[2] *Id.* ¶ 16.
[3] *Id.*

On December 17, 2021, Lambert called Plaintiff, and Plaintiff "informed [her] that MGSU is a publicly owned institution and denying Bibb County Residents access to computer services was unconstitutional and discriminatory and vowed to sue MGSU for injunctive relief as the removal of the computers was intended to segregate indigents from using the library."[4] Lambert informed Plaintiff he was welcome to borrow books, but he could not use the computers because of COVID-19 restrictions.[5] Later the same morning, Plaintiff went in person to the library circulation desk where he told Defendant Brandi McDonough that he wanted to file a complaint against Lambert and Stanfield.[6] He also requested to speak to the President of MGSU and the MGSU Admissions Director regarding enrollment.[7] Plaintiff then requested to borrow books, but McDonough informed Plaintiff that Lambert had "instructed her not loan him any books and that he [could not] use the library without her approval."[8]

Plaintiff then asked to speak to Lambert or Stanfield or the MGSU President, and McDonough told him to wait in the lobby while she tried to reach them by phone.[9] Plaintiff then alleges that while he was "peaceably assembled at the entrance of the

---

[4] *Id.* ¶ 17.
[5] *Id.* ¶ 18.
[6] *Id.* ¶ 19.
[7] *Id.*
[8] *Id.* ¶ 21
[9] *Id.* ¶ 22.

Library," the MGSU Police Chief, Defendant Tripp Mitchell, "accosted" him.[10] Mitchell told Plaintiff that he had spoken to Lambert, who had said Plaintiff was "causing a disturbance," "taking pictures of the campus staff and students without their consent [and] making everybody feel threatened, violated and uncomfortable."[11] Mitchell told Plaintiff that because of his actions, "they decided to trespass the Plaintiff under pains of arrest."[12]

Plaintiff then vowed to sue them all in federal court and demanded Mitchell give him his business card.[13] Mitchell did not have one on him, so Plaintiff went with him to the precinct a few blocks from the library.[14] At the precinct, Mitchell introduced Plaintiff to Defendant Officer Marissa Parker and reiterated that Plaintiff was "formally trespassed" and could never come back to or apply to MGSU, or he would face arrest.[15]

Plaintiff obtained the police report for the incident "through Open Records."[16] Plaintiff alleges that in the report, Defendants Mitchell, Parker, Lambert, Stanfield, and Coleman charged him with disorderly conduct pursuant to O.C.G.A. § 16-11-39 for making Defendants Lambert and Stanfield "feel threatened," which resulted in them

---

[10] *Id.* ¶ 23.
[11] *Id.* ¶ 24.
[12] *Id.*
[13] *Id.* ¶ 25.
[14] *Id.*
[15] *Id.* ¶¶ 27, 28.
[16] *Id.* ¶ 30.

giving him a "verbal trespass warning."[17] Plaintiff further claims he obtained the 911 call McDonough made to dispatch to have Plaintiff escorted off the property, and she stated Plaintiff "was nasty and rude towards [Defendants Lambert and Stanfield] in their prior phone conversations."[18]

On December 16, 2022, nearly one-year after Plaintiff was barred from MGSU, Plaintiff emailed Renee Rainee, "MGSU's General Counsel and Legal Laison," an "Alternative Dispute Resolution" asking MGSU to reconsider, repeal, and abrogate the December 2021 order barring Plaintiff from campus.[19] On January 6, 2023, Rainee replied and said MGSU was not interested in an alternative dispute resolution.[20] On March 15, 2024, Plaintiff filed this case, over two years after he was initially barred from MGSU campus.

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[21] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22] A claim is plausible where the plaintiff

---

[17] *Id.*
[18] *Id.* ¶ 31.
[19] *Id.* ¶ 33.
[20] *Id.* ¶ 34.
[21] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[24]

## DISCUSSION

The Court finds Plaintiff's claims are barred by the statute of limitations.[25] After reviewing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), the Court allowed only two of Plaintiff's claims to proceed: a procedural due process claim and a First Amendment retaliation claim, both alleged constitutional violations actionable under 42 U.S.C. § 1983. Plaintiff appears to argue that his claims are not barred because they did not accrue until January 6, 2023, and the violations are continuous.

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."[26] In Georgia, the statute of limitations is two years after the right of action accrues.[27] But the date on which the statute of limitations begins to run is

---

[23] *Id.*

[24] *Bell Atl. Corp.*, 550 U.S. at 556.

[25] Defendants also argue Plaintiff's procedural due process claim fails to state a claim for relief, his retaliation claim is an impermissible shotgun claim, and Defendants are entitled to qualified immunity. Because these claims are barred by the statute of limitations, the Court will not address these additional arguments.

[26] *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (quoting *McNair v. Allen*, 515 F.3d 1168, 1172 (11th Cir. 2008)).

[27] O.C.G.A. § 9-3-33; *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008).

determined by federal law, and for a § 1983 action, "the statute begins to run from the date the facts supporting a cause of action are apparent or should be apparent to the plaintiff."[28] "While a plaintiff must have 'a complete and present cause of action' to bring suit, the cause of action accrues when the wrongful act results in damages, 'even though the full extent of the injury is not then known or predictable.'"[29]

Plaintiff alleges that "[w]hile at the lobby of the precinct, Defendant Tripp Mitchel[l] reiterated again to the Plaintiff that he has been formally trespassed, and he can never come back to or apply to MGSU if not he will face arrest."[30] Thus, accepting Plaintiff's allegations as true, Plaintiff was told more than once that he was permanently barred from the MGSU campus on December 17, 2021. Plaintiff did not file his Complaint until March 15, 2024—over two years later. Because Plaintiff knew when Mitchell barred him from MGSU campus that this bar was permanent, his claim accrued on that date.

In his Surreply to Defendant's Motion, Plaintiff contends Mitchell informed him that the Trespass Order would be lifted, leading him to believe that the bar was temporary.[31] Plaintiff further contends it did not become apparent he was permanently barred until January 6, 2023, when he received an email from MGSU's "Liaison" Renee

---

[28] *Smith v. Mitchell*, 856 F. App'x 248, 249 (11th Cir. 2021) (citing *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003)) (citing O.C.G.A. § 50-21-27(a), (c)).
[29] *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).
[30] Doc. 4 ¶ 28.
[31] Surreply to Defendant's Motion to Dismiss Complaint [Doc. 26 at 3].

Rainey.[32] But Plaintiff did not make these allegations in his Complaint. It is well-established that a "complaint may not be amended by briefs in opposition to a motion to dismiss."[33] Indeed, the Court "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action."[34] Accordingly, Plaintiff's claims are time-barred because he filed his original Complaint on March 15, 2024—more than two years after the two-year statute of limitations began to accrue.

Plaintiff also appears to argue the violations underlying his claims are continuous. "The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period."[35] Defendants' alleged constitutional violations are not continuous. The decision to bar Plaintiff from MGSU campus on December 17, 2021, was a one-time action. Although the consequences of this banishment may continue to impact Plaintiff, no additional violations have occurred. The Eleventh Circuit "'distinguishes between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does.'"[36] The Eleventh Circuit "has explained that the continuing violation doctrine does not apply 'to plaintiffs who

---

[32] *Id.*

[33] *Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) (collecting cases).

[34] *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

[35] *McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020) (quoting *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006)).

[36] *Id.* (quoting *Ctr. for Biological Diversity*, 453 F.3d at 1335).

were able to avoid the problem by filing within the statute of limitations.'"[37] Plaintiff knew of the violation on December 17, 2021, as it was happening, and even "vowed to sue [Defendants] in federal Court as it was unconstitutional to trespass him[.]"[38] Thus, Plaintiff would have been able to "avoid the problem by filing [this action] within the statute of limitations."[39] Therefore, Plaintiff's claims are barred by the statute of limitations.[40]

Plaintiff also filed a Motion for Preliminary Injunction, asking the Court to "declare [Defendants'] acts unconstitutional[.]"[41] Because Plaintiff's claims are barred by the statute of limitations, his request for Defendants' actions to declared unconstitutional is moot.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 18] and Plaintiff's Motion for Preliminary Injunction [Doc. 25] is **DENIED as moot.**

**SO ORDERED**, this 16th day of April, 2025.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[37] *USA Ent. Grp., Inc. v. Tony*, 847 F. App'x 642, 647 (11th Cir. 2021) (quoting *McGroarty*, 977 F.3d at 1308).
[38] Doc. 4 ¶ 25.
[39] *USA Ent. Grp., Inc.*, 847 F. App'x at 647) (quoting *McGroarty*, 977 F.3d at 1308).
[40] *Smith*, 856 F. App'x at 250.
[41] Plaintiff's Motion for Preliminary Injunction [Doc. 25 at 6].