IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MALIK N. MARTIN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| v. | : | **5:24-CV-94 (CAR)** |
| | : | |
| **MIDDLE GEORGIA STATE** | : | |
| **UNIVERSITY,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

### ORDER ON MOTION FOR LEAVE TO PROCEED
### *IN FORMA PAUPERIS* ON APPEAL

Before the Court is *pro se* Plaintiff Malik N. Martin's Motion for Leave to Appeal *In Forma Pauperis* ("IFP") the Court's Order dismissing his Recast Complaint [Doc. 29]. As explained below, Plaintiff's Motion [Doc. 32] is **DENIED**.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "[G]ood faith' . . . must be judged by an objective standard."[1] A petitioner demonstrates good faith when he seeks review of a non-frivolous issue.[2] An issue "is frivolous if it is 'without arguable

---

[1] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).
[2] *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981).

1

merit either in law or fact.'"[3] "Arguable means being capable of being convincingly argued."[4] "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'"[5]

Plaintiff seeks to appeal this Court's Order dismissing his Recast Complaint and denying as moot his Motion for Preliminary Injunction. Because Plaintiff proceeded IFP, the Court was required to screen his Complaint and dismiss the complaint or any portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] The Court screened Plaintiff's original Complaint and found his claims for a procedural due process violation and First Amendment retaliation could proceed, but that he had to recast his remaining claims if he wanted them to proceed.[7] Plaintiff then submitted a Recast Complaint.[8] The Court reviewed his Recast Complaint and allowed his procedural due process and First Amendment retaliation claims to proceed and dismissed his remaining claims.[9] Defendants then moved to dismiss Plaintiff's Recast

---

[3] *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).
[4] *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).
[5] *Sun*, 939 F.2d at 925 (citations omitted).
[6] 28 U.S.C. § 1915(e)(2)(b).
[7] Order on Motion to Proceed IFP [Doc. 3].
[8] Recast Complaint [Doc. 4].
[9] Order on Recast Complaint [Doc. 7].

Complaint.[10] The Court granted Defendants' Motion, finding Plaintiff's claims were barred by the statute of limitations, and denied as moot Plaintiff's Motion for Preliminary Injunction.[11] An appeal of the Court's Order dismissing Plaintiff's case is without arguable merit either in law or fact. Thus, Plaintiff's appeal is not taken in good faith, and his Motion for Leave to Appeal IFP must be denied.

## CONCLUSION

As explained above, Plaintiff's Motion for Leave to Appeal IFP [Doc. 32] is **DENIED**. Any further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED,** this 20th day of May, 2025.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[10] Motion to Dismiss [Doc. 18].
[11] Order of Dismissal [Doc. 29].